# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RODNEY C. MOUNTJOY,**

    **Plaintiff,**

**vs.**                                                             **Case No.  4:15cv33-WS/CAS**

**DEPARTMENT OF CORRECTIONS,
and TAYLOR CORRECTIONAL
INSTITUTION,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, has filed a second amended complaint.  ECF No. 32.  The second amended complaint [hereinafter "complaint"] has been reviewed as is required by 28 U.S.C. § 1915A.  That review reveals it remains insufficient to state a viable claim for relief.

Plaintiff was previously informed that naming the Taylor Correctional Institution as a Defendant is insufficient.  That is the name of a prison facility, not a person who may be sued in a civil rights case.  To the degree

Plaintiff has also named the Florida Department of Corrections as a Defendant, that is insufficient as well.  A correctional facility, nor the Department of Corrections is a "person" that may be sued under § 1983.  Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989).  Furthermore, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment.  Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990).  Because Plaintiff has not named a person as a Defendant in this civil rights action, his complaint is insufficient and may not proceed.

Furthermore, Plaintiff's facts do not reveal the basis for a plausible claim.  Plaintiff states only that while in confinement, he fell and broke his arm.  ECF No. 39 at 5.  Plaintiff then had a fight with another inmate and while fighting with his assailant, he again[1] broke his arm.  *Id.*

That incident is not the basis for a viable Eighth Amendment claim.  The Eighth Amendment forbids cruel and unusual punishment.  Farrow v.

---

[1] Plaintiff's allegations are not entirely clear.  It could be that he broke his arm a second time during the fight, but it is also possible that Plaintiff intended to state that he broke his arm while fighting in confinement in 2013.  The distinction is immaterial.

Case No. 4:15cv33-WS/CAS

West, 320 F.3d 1235, 1242 (11th Cir. 2003). "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Farrow, 320 F.3d at 1242 (other citations omitted). Because Plaintiff does not allege that a state actor caused him harm, there is no plausible § 1983 claim[2] present in this case.

The Eighth Amendment also "imposes upon prison officials the duty to 'provide humane conditions of confinement.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). The Amendment requires officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832, 114 S. Ct. at 1976 (quoting Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)). In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977 (citation

---

[2] Section 1983 imposes liability on one who, "acting under color of state law, deprives a person of 'any rights, privileges, or immunities secured by the Constitution and laws.'" Doe 1-13 By and Through Doe, Sr. 1-13 v. Chiles, 136 F.3d 709, 713 (11th Cir. 1998). Thus, to obtain relief, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Patrick v. Floyd Medical Center, 201 F.3d 1313, 1315 (11th Cir. 2000).

omitted).  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  Farmer, 511 U.S. at 834, 114 S. Ct. at 1977.

To prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings.  First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk[3] of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)). Second, he must show that the defendant prison official had a "culpable state of mind" (be deliberately indifferent) in that he knew of and disregarded "an excessive risk to inmate health or safety."  511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979.  In this case, Plaintiff does not provide any allegations which suggest any prison officials was aware that Plaintiff was in danger of assault by an inmate and failed to protect him.  Thus, Plaintiff has not alleged facts showing any plausible claim such that leave to submit another amended complaint should be provided.  This case

---

[3] The Court did not address the question of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes."  511 U.S. at 834, n.3, 114 S. Ct. at 1977, n.3.

should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is, therefore, respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 39, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2016.


 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**